**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0220-20

STEVE WILLIAMS,

 Plaintiff-Appellant,

v.

CLAIRE S. HAKIM,

 Defendant-Respondent.

_____

Submitted April 27, 2021 – Decided June 16, 2021

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1057-19.

Marc A. Ross, attorneys for appellant (Marc A. Ross and Anthony Scordo, on the briefs).

Foster & Mazzie, LLC, attorneys for respondent (Marc S. Mace, on the brief).

PER CURIAM

 In this rear-end collision case, plaintiff appeals the motion judge's decision granting defendant's summary-judgment motion. Plaintiff, who

concedes he was at most one or two car lengths behind defendant when they were traveling on Route 17, hit the rear end of defendant's motor vehicle with the front end of his vehicle. Plaintiff testified he did not see defendant's vehicle before the accident; he also testified she had stopped before he hit her vehicle. Citing Dolson v. Anastasia, 55 N.J. 2 (1969), the motion judge concluded plaintiff had failed to establish a material issue of fact and granted defendant's motion.

In this appeal, plaintiff argues the motion judge "erroneously applied Dolson v. Anastasia in summarily deeming plaintiff's operation of vehicle negligent as a matter of law warranting dismissal of the complaint" and "erred by using his own observations and experience in evaluating the traffic conditions at the time of the accident." We note the motion judge did not in his decision render any finding regarding plaintiff's operation of his vehicle; he simply found plaintiff had failed to establish a material issue of fact. Although the motion judge in colloquy with counsel made a general comment about driving on Route 17, that comment was not a part of or basis for his decision. Accordingly, we find insufficient merit in plaintiff's arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0220-20